Be seated. Next case this morning, Your Honor, is number 210, 1030, the people of the State of Illinois, Lieutenant Attorney, Mr. Christian J. Schroeder, Lieutenant of Health, arguing for the appeal of Mr. Bruce Kirkham, arguing for the appeal of Ms. Victoria Joseph. Good morning, and Mr. Kirkham, if you're ready, you may proceed. Thank you, Your Honor. May it please the Court and the Council, good morning, Your Honors. My name is Bruce Kirkham, and I appear today on behalf of the defendant appellant, Mr. Christian Schroeder. I think one of the challenges in this appeal, the initial challenge, is to sort out the chronology of what happened in this case and understand that we're talking about one case in the circuit court, two separate appeals arising from that one case in the trial court. And I think that once you sort it all out and put everything in its proper place on the timeline, what we have left is a pretty straightforward question of jurisdiction of the trial court. And the question then becomes, did the trial court have jurisdiction when it entered substantive orders in its case 99 CF 1056 to implement and accept the agreement to resolve the petition to revoke probation in that case? And the answer, based on law, established law in Illinois, is no, the trial court did not have jurisdiction to enter those substantive orders, finding the violation of probation, and terminating that probation. The law is longstanding, at least since 1985 in this court, with the founding of People v. Alschutz. They discussed the rule that filing of the notice of appeal immediately transfers jurisdiction to the reviewing court. On that issue. I'm sorry. We were saying the same thing. On that issue, I would say for all purposes, we're asking the same question. Not for all purposes. I mean, the trial court does retain some jurisdiction to act on matters independent of and collateral to the judgment on appeal. Now, the judgment on appeal... Was the judgment of unfitness. Yes. Okay. Why isn't that independent of the track, let's call it, which was, let's say, over here, the petition to vacate probation with the underlying charges? Why were they not independent? Well, there's no jurisdiction to rule on substantive matters. And the resolution of the case by implementation of the agreement to the admission by the defendant to admit the probation violation and the court's acceptance of that and finding a violation of probation and terminating the probation as a new sentence must be considered to be a substantive order. Could you put your microphone directed upward, please, to pick up? You have a very deep voice. I apologize. I hope that's better. What the trial court did when it accepted the agreement and terminated probation can only be considered a substantive set of rulings by the trial court, which resolved the entire case at that point. But now here, the substantive, the language you're using comes from LSHOTS, right? Yes. Substantive as opposed to independent or collateral, right? So, again, I think I'm going to ask the same question, then. Why isn't the original finding of unfitness independent of the proceedings on the petition to vacate probation? I guess one answer would be it was because we have precedent that is right on point in this case, and that's LSHOTS that says it's not. The same thing happened in this case that happened in LSHOTS. In LSHOTS, the defendant was found unfit and filed a notice of appeal. While that appeal was pending, he was restored to fitness. The trial court there conducted a bench trial in which the defendant was convicted of theft. And in LSHOTS, the court said that there was no jurisdiction to conduct that trial because that was a substantive resolution to the case. They did say there's jurisdiction to find the defendant that was restored to fitness, but not to go further and issue substantive orders in the case. I think the sentence in LSHOTS that may be troubling us is that in that case, the court said that the trial is totally dependent on the defendant's fitness. Therefore, the trial court doesn't have jurisdiction until the appeal is returned. Now, again, the trial is totally dependent on the defendant's fitness. When we have a situation where a defendant is found unfit, and then while the case is on appeal, is later found fit, certainly the trial is totally dependent on the defendant's fitness, and now he's fit. Doesn't that therefore render the two matters collateral to each other? The same court that wrote that sentence that's troubling you, totally dependent upon fitness, went on to find that there was no jurisdiction in that case. Because of that? Because of that. Because the jurisdiction lied in the reviewing court and not in the trial court until that appeal was resolved. I'm just trying to make sense of that because what we have here is a defendant who's found unfit who appeals. It goes to the appellate court and says, I want to be fit. I'm fit. I take issue with that finding of unfitness. And then on the 90-day review process, the trial court finds him fit. He's gotten what he wants. Let's go to trial. I don't know that it's necessarily correct to say he's gotten what he wants. There are a number of policy reasons why you shouldn't just automatically terminate an appeal from a finding of unfitness upon restoration of fitness. I don't want to talk about mootness so much, but you're talking about the exceptions to mootness, perhaps? Yes, the public interest exception, the collateral consequences. Listen to what you just said. Collateral consequences. I mean, it's a collateral issue to the actual underlying appeal. If we're talking about collateral consequences and what may affect him in the future because of void cards or whatever you may want to talk about, aren't those things by nature, by definition, collateral to the underlying criminal charge that we're now trying to go to trial on? They may be, but this court or the reviewing court has to make that determination. I think that what you do when you have an intervening act in mootness because it's analogous, then you move on to an analysis by the reviewing court. Is there a public interest exception that requires that we proceed on this matter, that we decide a question that's raised in this appeal? Collateral consequences is one of those things that a defendant may argue. The case is that there's a stigma attached to adverse mental health findings. That's an analysis that you may reach later, but I don't think that that means that you should automatically, at the time of the intervening event, which is the restoration of fitness, say, appeal over. If you do that, then you have effectively precluded any appeal where there are issues raised regarding statutory interpretation of implementation of the fitness procedures, any evidentiary questions that may arise that this court may determine need addressed in this case because it possibly could be likely to occur in the future, the public interest exception. I think that you have to leave that open. You can't close the door to any review of fitness procedures. And I agree with you. I don't think you can automatically say, you know, this appeal now is gone. Poof, it's gone because of this finding of fitness. I understand that argument. But my question is in the whole concept of the whole scheme of the statutory fitness scheme, we have these 90-day hearings after someone's found unfit. I mean, first we have a 30-day review and then 90-day hearings thereafter. Why do we have those if the case is on appeal? I mean, realistically, if a person's found unfit, shouldn't there just be a rule that if the case is now on appeal, forget about all that because we're not going to do anything with the guy. Now, if he's found fit during those 90-day reviews and we have to wait to try him until the appeal is done, which could take a year, could take a year and a half, two years. I mean, we understand the fragile nature of a finding of fitness. You get that person back in the county jail and they decompensate. They don't take their meds again. They're not getting the therapy that they get at Elgin or somewhere like that. You may put this person on one of those little, you know, hamster treadmills where they keep going between Elgin and county jail, Elgin and county jail, finding of fitness, finding of unfitness because of decompensation. I mean, shouldn't the court be allowed to act once the person has been restored to fitness in a timely fashion? I don't have a problem with creation of some kind of procedure where that may be the end result. My problem is making it automatic. I mean, can the trial court notify this court, say, the defendant's been restored to fitness. Please consider whether this is moot because of that restoration to fitness. Elsholtz somewhat foreshadowed this argument by saying, by talking about, in that case, the defendant filed a motion to dismiss the appeal. While it was pending, they conducted the trial. And this court said all you had to do was wait a short amount of time, a very short continuance, and we would have likely dismissed the appeal. It was easy in that case. It might not be easy on a case in the future where a person wants to undertake the collateral consequences issues and the statutory issues, and they want to go forward with the appeal, even though they want to be found fit and they want to go to trial, but they still may want to go forward with the appeal. I mean, it was easy in Elsholtz. I mean, if we applied those facts here, yeah, it's like, trial court, why didn't you wait? I mean, right. But I think it illustrates the point that the jurisdiction is, when it's here, it's not there. You know, at some point, jurisdiction has to formally transfer back from this court to the trial court. I'm sorry, go ahead. And how do you do that? I mean, do you make it an automatic rule where restoration of fitness automatically restores jurisdiction to the trial court? I mean, that's a perilous position to take for the reasons we've talked about, the exceptions to the reasons to continue an appeal. Well, not restore it. It continues to have jurisdiction for certain things, doesn't it? I mean, it doesn't completely leave the trial court. It's like a divorce case where the trial court can issue a judgment of dissolution, and that can be appealed, or certain issues in the judgment can be appealed, but at the same time, the court retains jurisdiction, for instance, to modify support, the trial court does. So why isn't the fitness like the support, where the trial court continues to have jurisdiction for certain things? The trial court does retain jurisdiction for certain things, even in these cases where a defendant's been found unfit. And I would go back to my earlier distinction of you can't reach the ultimate resolution of the case, which is what happened here, where the judge found that probation was violated and entered orders to that effect and ended the case. That's the ultimate substantive ruling available to the court at that time. And to call that somehow collateral or independent of the action at that stage in the trial court is too big of a leap. It goes against the established jurisdiction, jurisprudence of the state, which is when this court issues a mandate, that's when jurisdiction returns. If you want to create some system or some rule or some set of procedures where this court is given some kind of shortcut to get to that mandate, I mean, I understand where you're coming from. Like I said, there were 13 months between restoration of fitness and issuance of the mandate in this case. Is there a way to shorten that? Maybe, probably, I'm sure there is. But it didn't happen in this case. The fact is, in this case, under Elsholtz's established law in the state of Illinois, there was no jurisdiction in the trial court, and therefore the substantive findings of violation of probation are void. If a defendant had a speedy trial demand and that was pending and then he's found fit, now, under your theory, the speedy trial demand would not start to run again because there's no jurisdiction in the trial court. We have to wait for this appeal, correct? I believe that would be correct. I'm not sure. How could it be the other way? I mean, how could you let the speedy trial demand occur without jurisdiction? Right. So a defendant then who wants to attack these collateral consequences, wants to be found fit but wants to attack the collateral consequences, has to choose between perfecting the appeal and getting a speedy trial. And that would be his decision. I mean, you know, if we're talking about the defendant's rights here, he would have that right. If he wants to be found fit and proceed to trial, he can take steps to dismiss the appeal or whatever. If he wants to exercise his right to a speedy trial, he makes that choice to forego an attack of collateral consequences and exercise his right to a free trial by dismissing the appeal, asking this court to issue a mandate restoring jurisdiction in the trial court. Our understanding or our jurisdiction comes from Supreme Court rule, essentially. How can this court change that process if it's a Supreme Court rule process? Because you said that this court could establish some sort of a procedure or ask for notification or do something. And it should be, I would say, not just a phone call from the clerk to the trial court. It should be an established procedure. Can we do that? Well, I think you would have to work with the Supreme Court to amend rules. Well, we don't usually tell the Supreme Court what we think they should do. I mean, it's not a good idea. Sure. I understand. But it would seem that if jurisdiction is defined by those Supreme Court rules, that's where the change would have to come from. I think that if this is a statewide problem where the Supreme Court wants to become involved, they certainly can amend their rules and do that. Short of that, there are other things that can be done. And then by the same token, the 90-day requirement for the reviews of fitness is a legislative mandate. Now, we often tell the legislature that they're wrong. I don't really have a problem with that one. But can we tell a trial court to violate that mandate or how do we deal with that? I mean, your client might be here saying, hey, I was entitled to a hearing within 90 days, but they didn't give me one because I had an appeal pending. Right. But L. Schultz addresses that. That's true. But the issue, you know, now I'm going backwards. What's the point of that if we can't now go forward when there's an appeal pending on an issue that is different? Now I'm fit. Then I was unfit. I mean, there's got to be some way to help your client. Your client wants to go ahead, obviously. And if he wants to go ahead, he can file a motion to dismiss the appeal, ask for reasons of a mandate to restore jurisdiction in the court. The state could file a motion to find it moot and say, look, we've had an intervening act, the restoration of fitness. The defendant would have an opportunity to respond to that and say, please don't dismiss this as moot because I have a public interest argument, I have a collateral consequences argument. That would put the ball in your honor's court and give you a means to dismiss the appeal on mootness grounds, issue the mandate and get it back there. So that didn't happen in this case. The state's attorney's office in DuPage County didn't file a motion to find this moot because of this intervening act. So there's a mechanism for each party to contact this court and say, it's time to resolve this case, give us jurisdiction back so that we can enter substantive orders in this case, either procedure or trial, resolve it through plea, whatever that substantive resolution may be. Your client also has an interest in getting out of one of the state institutions as well, I would assume. Yes. I mean, if he's fit, he doesn't want to be at Elgin or Chester or wherever. Right. So when he comes back to the county as found fit, then he would be either held in the county jail or released on bond. And he has a choice to make. Do I want to wait out the appeal or do I want to ask the court to dismiss my appeal so that the jurisdiction can be returned to the trial court so we can proceed on my case? We had an argument yesterday morning that dealt with the obligation of an attorney to talk about the consequences, collateral, direct, indirect, and, you know, there was a big discussion about that. So when your client is now found fit, does his attorney have an obligation to give him this information so he can make the decision? And if so, is any of that in this record? The defendant was proceeding pro se. Okay. So there's not a question of what happened in this case regarding the hopes and plans. So how is he going to know what he can or can't do? Who's going to tell him? The trial court. I think the trial court says you're restored to fitness, but I can't proceed, we can't proceed, this court can't proceed until your appeal is resolved. You're not raising any due process violations by the court for not making those admonitions, are you? No, I'm not. I'm relying on Elsholtz, which is right on point here, and it says that in appeals from a finding of unfitness, the trial court is divested of jurisdiction until the mandate returns. Do you have a question? No.  Thank you, Your Honor. You'll have an opportunity for rebuttal. Thank you. Thank you. Good morning, Ms. Joseph. Good morning. Good morning, Your Honors. Counsel, may it please the court. I think your questions this morning have hit on a lot of the problems in this case, and I don't think there is quite an easy solution with the lack of rules, either from the legislature or the Supreme Court, in not having an obligation on any parties or the court to communicate with one another. Do you agree that the trial court did not have jurisdiction to resolve the ultimate case while this appeal was pending before he was found restored to fitness? Okay, let me go through. Did the trial court have jurisdiction to resolve the underlying PTR? Not while he was unfit. While the appeal was pending, while he was unfit? No. Okay. So then they have a hearing, and L. Schultz says that, you know, which makes sense that there's continuing jurisdiction to do these 90-day hearings. Yes. Now, upon the finding of fitness, does the appeal automatically disappear? Not according to L. Schultz. Okay. I'm reexamining that. We're looking at that, and that's why we're here. You know, at least that's one of the arguments. The problem is, the finding of fitness, if that is the only issue in the appeal, resolves the remedy he is seeking in the appeal. So now he has essentially almost two bites of the apple for the finding of fitness. If he's been unfit in appeals and wants to be found fit, this court can tell him, yes, you were actually fit, or no, you were unfit. But you do agree there are other issues that he may want to resolve. There are other issues, yes. I mean, he may not want this finding of unfitness on his record for a number of different reasons. That could very well be, Your Honor. So then he may want to go forward with this appeal. He may. And this court may say, you can't go forward with this appeal. And I guess what is interesting is if this court had found that, well, I don't know. It did affirm the trial court. It did affirm that he was unfit. And about almost a year after he was found fit then by the trial court again, after one of the 90-day hearings. So it does present an interesting case. So at that time, he was unfit. And then at a later time, he was found fit. So I wonder, does some of this analysis have to do with the time element when we're talking about? Absolutely, Your Honor. So if you apply the time element, maybe then the issue of what's collateral and what's not and what's independent and what's not becomes clearer. Well, I think that the timeliness of the finding of fitness is of key importance here because it does appear obviously that finding can change in a very short amount of time. And here it was within 90 days of the finding of unfitness. He was restored to fitness. So it is a very sensitive area that in waiting for the appeal, he could be unfit again. And as counsel mentioned, it does become a cycle that nobody can move forward. And again, nobody has – there are, as counsel pointed out, there are methods by which you can get rid of the appeal, but nobody actually has an obligation to do so once the finding of fitness – the restoration of fitness has been made. So without any obligation, there may or may not be any communication with this court for a year while the defendant's sitting around fit. And notwithstanding the language of Elsholtz, if the Supreme Court says that a trial court's jurisdiction does not return or revest until a mandate is issued, how do we tell the Supreme Court that that's not correct? I'm not asking for the courage. I'm just asking for the words. Because that's essentially what you want us to do, I think. I realize that this court is in a very tender spot of not having many options of what it can and cannot do because it obviously cannot tell the legislature you need to make a rule. You can suggest it. Well, as I said, we're more likely to do that than we are the other option here. Yes. But obviously you can't tell the Supreme Court this is what you should do. All you can do is make the suggestion that while the defendant has the right under 604E, Supreme Court Rule 604E, to take an appeal from a finding of unfitness, that once, actually either party can take the appeal from that, that once the remedy is achieved, yeah, it's okay. But even if we make that suggestion, don't we have to accept the defendant's position that the trial court did not have jurisdiction? Yes, Your Honor. All we can do is suggest movement forward in this situation because obviously based on Alshaw's, this is not a unique situation. As far as this defendant in particular, I understand he has several cases pending in several different trial circuit courts and could easily be an issue again. So I think there does need to be something out there that addresses the restoration of fitness because it is such a sensitive, timely matter. And unfortunately, everybody's kind of caught in a catch-22 while an appeal is hanging around. And if nobody's taking action on that and nobody's communicating between the courts, we're stuck in this situation now. And we've suggested some alternative scenarios here, what if, what if, what if. In this scenario, though, in this circumstance, he is pro se. He has no attorney to say, all right, now these are your options. He's not asking for an attorney to say these are your options. He's not going to know. I'm curious if the judge really has an obligation to say these are your options. I'm not aware of any rule requiring the judge. And there's no rule requiring the state to then go forward and say, okay, we found him fit. Let's make sure we get this motion to dismiss to the appellate court immediately so we can move on with the case. Nobody has an obligation at this point. And that's where the problem lies. So then do we go to the next step, which would be, and again, I hearken to an argument that you folks didn't hear yesterday, to go back to maybe some standard of best practices. Should somebody have looked at is there a standard out there of best practices and what to do in this case? Or should they, should everybody just say this is the rule? This is the rule. It's easier. But is there someplace else to look? And I'm asking, does the state have, the state wants us to have heard this. So is the state giving me anything to look at? Not you personally. Unfortunately, I'm not sure who is the best person on which to place the burden. But in best practices, yes, somebody should have told this court within probably a day after this finding to say, okay, he's received his remedy, can we please have. Or he's received a remedy. He's received the, or the remedy, if it's the sole remedy sought on the appeal, he has received this remedy on the appeal. And it's no longer, he no longer, that grant of relief is no longer an issue for this court to resolve. Now you indicated to my earlier question that the trial court until this finding restoration did not have jurisdiction. Are you arguing that upon finding the defendant restored to fitness, that jurisdiction revests at that moment in the trial court? Or does something have to happen in the appellate court? I believe something would have to happen in this court, Your Honor. And what, like I said, who has that obligation, I don't know. Either party could. Either party could. And whether, or whether it's, I don't know if it would be the circuit clerks. And based upon your answer to that question, if this defendant had a speedy trial demand, and then he's restored to fitness, until something happened in this court, that demand would not run, correct? No, Your Honor. Probably a bad question. It would not run. It would not run. While the pendency of the appeal is going. Well, do we need to ask jurisdiction to do what, though? I mean, would the trial court have jurisdiction to do anything? Well, the trial judge still, obviously based on the statute, the trial judge still has jurisdiction. And I guess until the appeal is resolved, he's going to have to keep coming back for 90-day hearings. Or I'm not sure what happens. If he's found unfit, he'd have to come back for more 90-day hearings. But once he's found fit, there's really nothing. Status on appeal. Status on appeal. There's really nothing that they can, it seems there would be no. So the trial court retained jurisdiction to continue to hear the reports from the Division of Mental Health. Yes. Regarding fitness. Yes. But you're saying didn't he have jurisdiction to do anything else? Under the existing case law, no, Your Honor. Who called this hearing for hearing? Did the state? Did the defendant say, I want to have a hearing? I'm back. Let's go. Did the trial court look at the status calendar and say, oh, you know, this one's the oldest. Let's go here. I mean, how did it get there? That I'm not certain of off the top of my head. Well, we'll ask Mr. Kirkham if he knows when he gets back. But if the defendant did ask, would that change anything? No, Your Honor. Probably not. Any other questions? Thank you. Thank you very much. You know the first question, Mr. Kirkham. Yes, I understand your question. What happened in the trial court? After the fitness finding, how did it go to trial? How did that hearing happen? The answer is I can't answer specifically what happened in this case, but I can tell you that having been a public defender and handled fitness cases, when that happened, when a client was restored to fitness, the trial court received notice from the mental health center where the defendant was being treated, and that triggered a setting of a trial date for status on fitness. The defendant was usually written back for that, brought back from the facility. In the overwhelming majority of cases, there was a stipulation to the correspondence from the doctor at the mental health center. The defendant was instantly restored to fitness and remanded to custody of the county jail. That's what happens most of the time. Okay, but his record doesn't really tell us how it got before the judge for the actual hearing on the petition for revocation of probation. No, and I haven't looked in the record in a while. My guess is it's purely speculation. To me, it's the first page of the report of proceedings for when he's restored to fitness. It says we're here for status on fitness. And what if, and again, we're talking a lot of speculation here to try to answer the question that's actually before us, but what if the pro se defendant comes forward and says, Judge, I want to get sober. I want to have a hearing on this. Can we say he's waiving or that request is somehow resolving his appeal? I would say that that statement in the trial court does not resolve the appeal or give the trial court jurisdiction or permission to proceed on substantive issues. You know, as the appellant, the defendant would be in more control than anybody else over his case. He can say, you know, I do want to get this going. How soon can we do this? And the judge would say, you know, you've got an appeal, and either counsel or the mystery question of who advises pro se. Practically, the judge is now going to look at the status. Don't we have an appeal in this case? Assuming we have the same judge, what's the status of the appeal? Right. But I guess where I was going was the defendant can move to dismiss his appeal, and this court can rule on that pretty quickly. It's the defendant's appeal. He controls the appeal. He says, I don't want to do this anymore. I want to get jurisdiction back to the trial court. That won't take very long. If the defendant wants to continue the appeal, another party may ask this court to resolve the issue. The defendant then would have the opportunity to say, this court, I agree or I don't agree. I want my appeal heard for collateral consequences, public interest reasons, whatever. So, you know, the defendant does have a degree of control. He is fit at that point, and he can make that decision. I don't want to appeal anymore. I was unfit before. I filed a notice of appeal. I've been restored to fitness. I want this over with. Let's do it. And file a motion with this court. Get the mandate. Give the trial court jurisdiction to proceed. It takes a while, but not 13 months like if we don't do anything. It could happen, I don't know what your schedule is, but a matter of a few weeks, I would think. You know, and these are all questions that we're trying to address about what to do in future cases. And I just want to say, you know, nothing like that happened in this case. In this case, under the existing law, the trial court did not have jurisdiction to enter the orders, and therefore they're void and they must be vacated, and the findings must be reversed. In this case, it's void. You know, the way it is now with this jurisdiction, it transfers to the appellate court until the mandate issues and goes back. That's a bright line set of rules that the trial court can follow. You know, notice of appeal, red light, stop, don't do anything substantive. Mandate issues, green light, you can go ahead again. And we're talking about, you know, do we need a yellow light? What are we going to do? You know, you're adding layers of confusion if you create uncertain rules. You know, a trial court, are you going to put them in the position of saying, you know, do I have jurisdiction, do I not? The defendant wants to resolve this case, do I need to wait for it? You know, it's a very clean setup right now. You know, an easy answer, light's still red because the notice of appeal was filed. We've got to wait until we get the mandate and get the green light to go. You know, how this court wants to address what happens between those while the light's red, I mean, that's certainly, you know, there's a problem as you indicated of the cycle of deterioration of fitness and so forth. But in this case, the light was red when he admitted violating probation. And because the light was red and there was no jurisdiction, his admissions were void and the final judgment of the trial court should be reversed and his cause remanded to DuPage County. Thank you. As a practical effect, what would happen if we were to reverse? He'd be remanded and then what would happen? I believe it would go back to the status that Mr. Schroeder was at after he was restored to fitness. As Elsholt says, the trial court does have jurisdiction to restore him to fitness. And the petitions to revoke probation would be reinstated and the cause would be at the position of we need to set a hearing or status or something. Okay, so there's a new hearing. And where is your client now? Where would we find him to do this? I think I saw at the time maybe in the briefs that there was a Chester reference. None of this is in the records, so I'm speaking from personal knowledge, but I'll answer your question the best I can. When this case was set for oral argument, I checked and he's not at Chester anymore. And so I followed up with Kendall County where he was remanded to the Mental Health Department for it. And he had been released from custody there and I obtained an address for him and notified him that his case was set for oral argument. So he is out of custody, to the best of my knowledge, at the time that we received the order setting this case today. All right. Thank you very much, counsel. Interesting argument. And we will take this case under advisement. We will enter a decision in due course. And we now stand adjourned for the day.